IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01973-JLK

DEANNA CHAVEZ and SAMANTHA WALKER, minor child,

      Plaintiffs,

v.

LIBERTY ACQUISITIONS SERVICING, LLC, a Delaware limited liability company,

      Defendant.

## **MEMORANDUM OPINION AND ORDER**

Kane, J.

Before me is Plaintiffs' Motion for Leave to Amend the Complaint (Doc. 38), filed February 12, 2015, Defendant's response (Doc. 40), and Plaintiff's Reply (Doc. 41). Defendant has also moved (Doc. 42) to file a sur-reply (Doc. 43) in opposition to Plaintiff's motion, and because I agree that Plaintiffs' reply makes new arguments, that motion is GRANTED, and I have considered Defendant's sur-reply as well. For the reasons that follow, Plaintiff's Motion for Leave to Amend is GRANTED.

### **Background**

Plaintiffs filed their complaint in this action on July 16, 2014, asserting a claim for violation of the Fair Debt Collections Act and a claim for negligence arising out of Defendant's obtaining a default judgment on a debt and thereby garnishing Plaintiffs' wages. Under the operative Revised Scheduling Order in this action (Doc. 37), the deadline to amend the pleadings was February 12, 2015. On that date, Plaintiffs moved to amend the Complaint in order to replace their negligence claim with a claim for wrongful garnishment. Doc. 38. Defendant opposes the motion. *See* Doc. 40.

**Standard**

Under Fed. R. Civ. P. 15(a)(2), a party may amend its complaint only with the court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

**Analysis**

Defendant argues that leave to amend should be denied because (1) Plaintiffs have unduly delayed in seeking amendment and (2) because the amendment would be futile, as Colorado has not recognized a common-law claim for wrongful garnishment. Doc. 38 at 6-9. Although the facts underlying Plaintiffs' wrongful garnishment claim may have been known to Plaintiffs earlier than the deadline, because they have met the deadline for amending the pleadings set in the Scheduling Order, I find that there has been no undue delay in seeking amendment.

The question of whether the proposed amendment is futile "is functionally equivalent to the question of whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (citing *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). When addressing questions of Colorado law, this Court must try to predict how the Colorado Supreme Court would resolve those questions. *See Blackhawk-Central City Sanitation Dist. v. American Guarantee and Liability Ins. Co.*, 214 F.3d 1183, 1188 (10th Cir. 2000). The parties have not cited, and the I have not found, any cases in Colorado addressing whether Colorado law recognizes a claim for

wrongful garnishment, and thus this appears to be an issue of first impression in Colorado. However, I find that the Colorado Supreme Court, if presented with this question, would find a cause of action for wrongful garnishment under Colorado law.  As Plaintiffs point out, "[m]ost states recognize a cause of action for damages for wrongful garnishment." 38 C.J.S. Garnishment § 453; Doc. 38 at 6 & n.14.  In addition, the Colorado Court of Appeal has held that consequential damages are available under tort principles in the similar context of a wrongful attachment.  *See* C.R.C.P. 102(n)(2); *Vanderbeek v. Vernon Corp.*, 25 P.3d 1242, 1244 (Colo.App. 2000); *see also Anderson Boneless Beef, Inc. v. Sunshine Health Care Center, Inc.*, 878 P.2d 98, 100 (Colo.App. 1994) (upholding an award of attorney's fees as a sanction for wrongful garnishment).   I find that Colorado law would not leave Plaintiffs without a remedy where, as alleged here, Plaintiff was not properly served with the complaint regarding the underlying debt, the judgment giving rise to the garnishment was obtained by default, and Plaintiff has suffered consequential damages as a result.   Accordingly, I find that Plaintiffs proposed amendment is not futile.

## **Conclusion**

For the reasons given above, Plaintiff's motion to amend (Doc. 38) is GRANTED.

Dated:  April 2, 2015                                  **s/ John L. Kane**
                                                                        Senior U.S. District Court Judge