# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01973-JLK

DEANNA CHAVEZ and SAMANTHA WALKER, minor child,

    Plaintiffs,

v.

LIBERTY ACQUISITIONS SERVICING, LLC, a Delaware limited liability company,

    Defendant.

## MEMORANDUM OPINION AND ORDER ON CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFFS' MOTION FOR SANCTIONS

**Kane, J.**

Before me are Plaintiffs' Motion for Partial Summary Judgment (Doc. 55), Plaintiffs' Motion for Discovery Sanctions (Doc. 50), and Defendant's Motion for Partial Summary Judgment (Doc. 49).

### 1. Defendant's Motion for Partial Summary Judgment (Doc. 49)

Defendant has moved for partial summary judgment on the grounds that Plaintiff Deanna Chavez's daughter, Samantha Walker, lacks standing to pursue the claims in this action and that Plaintiffs cannot establish the elements of their wrongful garnishment claim.

    a. <u>Standing</u>

Defendant argues that it is entitled to partial summary judgment on the ground that Plaintiff Samantha Walker, Deanna Chavez's daughter, lacks standing to pursue the claims in this action because she was not the target of any of alleged debt collection activity and her injuries are entirely derivative of her mother's. Doc. 49 at 11-19. Defendant argues that non-debtor third parties have standing under the FDCPA only where they have some exposure to the

1

injurious communication or otherwise "stand in the shoes" of the debtor. Doc. 49 at 15-18. Plaintiffs respond that the cases cited by Defendants do not involve "a family being evicted from their home," Doc. 70 at 29, but instead involve debt collection communications made to "third parties." *Id*.

I find that Plaintiff Samantha Walker lacks standing to pursue the FDCPA, CFDCPA[1], and wrongful garnishment claims in this action. It is undisputed that Walker never had any contact whatsoever with Defendant and no exposure to any of the debt collection practices at issue. Doc. 49 at 8-9; Doc. 70 at 10-11. Plaintiffs do not cite any authority holding that FDCPA standing can be extended to minor children who neither "stand in the shoes" of the debtor or have any exposure to the injurious communications, and I am not convinced by Plaintiffs' argument that the Supreme Court left open the possibility of such standing by stating that a plaintiff will only "ordinarily" lack standing where "the harm is purely derivative of misfortunes visited upon a third person by the defendants' acts." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1390 (2014); Doc. 70 at 28-29.

b. Elements of wrongful garnishment

Defendant also seeks partial summary judgment on Plaintiffs' wrongful garnishment claim, arguing that a wrongful garnishment claim has the same elements as a malicious prosecution claim and that Plaintiffs cannot establish that Defendant acted with malice and without probable cause in obtaining the garnishment. Doc. 49 at 19-28. Plaintiffs argue that several other states do not require a showing of malice or lack of probable cause to maintain a claim for wrongful garnishment, Doc. 70 at 32-37, and that in any event, Plaintiffs have

---

[1] Plaintiffs do not appear to dispute that Samantha Walker lacks standing under the CFDCPA. Doc. 49 at 14-15.

2

established malice because the garnishment took place after Plaintiff informed Defendant that she had never been served with the underlying lawsuit, *id*. at 40-42.

I find that malice and probable cause are not elements of a wrongful garnishment claim in Colorado. The weight of authority cited by the parties suggests that these elements are not required. *See Vanover v. Cook*, 260 F.3d 1182, 1188 (10th Cir. 2001); *Neri v. J.I. Case Co.*, 207 Ill. App. 3d 409, 412 (1991); 38 C.J.S. Garnishment § 454 ("[Some] authority holds that except in actions for malicious prosecution or abuse of process, malice, and want of probable cause are not essential elements of an action for damages for wrongful garnishment."). Accordingly, Defendant is not entitled to partial summary judgment on this issue. In sum, Defendant's motion (Doc. 49) is **GRANTED IN PART** and **DENIED IN PART**.

### 2. Plaintiffs' Motion for Sanctions (Doc. 50)

Plaintiff has also moved for sanctions under Rule 26 on the basis of Defendant's failure to disclose that it had entered into a corporate sale and fired all of its employees, including several potential witnesses in this case. Doc. 50 at 4. Plaintiff's motion (Doc. 50) is **GRANTED IN PART**. The parties are **ORDERED** to jointly call chambers at 303-844-6118 on or before Friday, March 11, 2016 to set a hearing at which the Court will determine the proper sanctions to be imposed.

### 3. Plaintiffs' Motion for Partial Summary Judgment (Doc. 55)

Plaintiff has moved for partial summary judgment on Defendant's bona fide error defense (*see* 15 U.S.C. § 1692k(c)) with regard to Defendant's failure to properly serve Plaintiff or to halt the garnishment at issue after it learned that Plaintiff had not been properly served. Doc. 55. Defendant argues that the motion is moot because it has agreed to waive the defense at issue, but without waiving the right to argue for jury instructions regarding what must be established in

order to impose liability on Defendant based on the failure to properly serve the Plaintiff.  Doc. 59 at 2.  I agree that Plaintiff's motion (Doc. 55) is not moot and therefore it is **GRANTED**.

    Dated:  March 2, 2016                  *s/ John L. Kane*
                                                    Senior U.S. District Court Judge